DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which granted appellees' motion to refer a contract dispute between the parties to arbitration after a dispute arose as to the terms and scope of the parties' negotiated settlement agreement. For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellants, Kent T. Weickert, Michael J. Weickert, Thomas J. Weickert and Weickert Agencies, Inc., set forth the following assignment of error:
 "THE TRIAL COURT ERRED IN REFERRING THE CASE TO ARBITRATION CONFERRING JURISDICTION ON THE ARBITRATOR TO DETERMINE WHAT ISSUES, IF ANY, REMAIN TO BE ARBITRATED."
This case arose out of a contract dispute involving the sale of an insurance business owned by appellees, Lee and Sharon Bowden, to appellants. On June 15, 1998, the parties executed an "AGREEMENT FOR THE SALE OF BUSINESS" ("purchase contract") which contained the terms of the sale and an arbitration clause.
After the purchase contract was signed, a dispute arose between the parties as to the execution of its terms. On June 4, 1999, a complaint was filed by appellees in the Sandusky County Court of Common Pleas. In response thereto, appellants filed a motion to stay further proceedings in the trial court pending arbitration proceedings. On July 27, 1999, the trial court filed a judgment entry in which it ordered the court proceedings stayed and diverted the matter to arbitration "[u]pon agreement of the parties. * * *." The trial court's order was never appealed. Judge Richard McQuade was chosen as the parties' arbitrator. However, instead of holding an arbitration hearing, the parties and Judge McQuade engaged in a mediation conference. The product of the mediation was a handwritten settlement agreement, which the parties were told to "flesh out" in further negotiations between themselves. When it became apparent that the parties were unable to "flesh out" and thereby finalize the terms of the settlement agreement, appellees filed a motion in the trial court for a "REMAND TO ARBITRATION."
On September 29, 2000, the trial court filed a judgment entry in which it ordered the case returned to arbitration. On October 6, 2000, a timely notice of appeal was filed. Thereafter, appellees filed a motion to dismiss the appeal in this court, which was denied on December 15, 2000.
The arbitration clause set forth in paragraph 16 of the purchase contract states:
 "If any disputes shall occur between the parties pertaining to this agreement or the interpretation of any provision herein, the parties agree to submit their disputes first to binding arbitration * * * before they resort to any court of law."
In its September 29, 2000 order, the trial court stated that it was sending the case back to arbitration so that Judge McQuade could "determine what issues remain to be resolved and to conduct proceedings in order to make any and all necessary rulings concerning said issues." In denying appellants' motion to dismiss this appeal, this court found that the trial court's referral of the case back to arbitration is "procedurally the same as [its] initial order staying proceedings pending outcome of the arbitration." Bowden v. Weickert (Dec. 15, 2000), Sandusky Co. App. No. S-00-039, unreported.
Upon consideration of the record and the proceedings in this case, this court finds that the issues that have arisen as a result of the parties' failed attempts to reach a settlement are the equivalent of disputes between the parties pertaining to the purchase agreement. Accordingly, the trial court did not err when it referred those matters to arbitration. Appellants' assignment of error is not well-taken.
The judgment of the Sandusky County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellants.
 ________________________ Melvin L. Resnick, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.